**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

GUY SHANNON, JR. #201-038      *

Plaintiff      *

v      *      Civil Action No. ELH-11-747

DEPARTMENT OF PUBLIC SAFETY      *
   and CORRECTIONAL SERVICES
J. PHILIP MORGAN, Warden      *

Defendants      *
                   ***

## MEMORANDUM

The court construed inmate Guy Shannon's (Shannon) claims of imminent danger as a request for emergency injunctive relief. The court directed the Maryland Attorney General file a show cause response within fourteen days, but noted that counsel's response would constitute neither acceptance on behalf of the named defendants, nor waiver of any arguable defenses. The Maryland Attorney General has responded. ECF No. 5.

For the following reasons, the court finds emergency injunctive relief is unwarranted and emergency relief will be DENIED. Shannon will be granted twenty-eight days to inform the court whether he wants to continue consideration of the claims in the complaint or withdraw this case.

## I.      BACKGROUND

Shannon, an inmate at Western Correctional Institution (WCI), alleges that prison gangs are targeting him because he is a homosexual, refuses to pay protection money, and has submitted an "enemies list,"[1] which includes the names of corrections officials who cooperate

---

[1] An "enemies list" documents the names of inmates who pose a risk of serious harm to another inmate.

with gangs. Shannon alleges that "Officer Bart" received payment from a prison gang to assist in his murder. Shannon claims that he was attacked by other inmates on April 21, 2010, and February 27, 2011. As relief, he seeks protective custody status or transfer to another institution.

Counsel has filed affidavits from Tennille Winters, WCI Correctional Case Manager, and Detective Sergeant Raymond Wills of the Internal Investigation Unit (IIU). The declarations provide the following information. Since March of 2011, Shannon has been housed in disciplinary segregation, where he is serving a sentence of 250 days for an institutional rule violation. Exhibit A, Declaration of Tennille Winters, pp. 7, 11. Shannon has since been moved to a single cell in response to the allegations filed in this complaint, and will remain there until the completion of an investigation into his claims by the Division of Public Safety and Correctional Services Internal Investigations Unit (IIU). *Id.*, ¶ 7; *See* Exhibit B, Declaration of Raymond Wills, ¶ 1. Shannon is isolated from the general inmate population and his movements are closely supervised to ensure his safety. *See* Exhibit A, pages 28-30. Neither he nor any other inmate in his housing unit is allowed out of his cell without handcuffs, nor is permitted to leave the disciplinary housing unit without being accompanied by custody staff. *Id.*, p. 29. Shannon's time outside of his cell is limited, amounting to approximately one hour of recreational time per day. *Id.*, p. 31.

In addition, corrections staff are working to transfer Shannon to another institution. However, the time frame for transfer is dependent on the availability of space. Exhibit B, ¶ 3.

Exhibit A, ¶ 8.[2]

In regard to Shannon's request for protective custody, counsel explains that such requests are closely examined to prevent inmates from manipulating the system to gain access to an inmate whom they wish to harm. *Id*. Division of Correction's guidelines provide that protective custody is a last resort; corrections personnel are to make "[e]very effort [...] to find suitable alternatives to protective custody." Further, counsel suggests that Shannon's prison record shows that he: 1) has a history of attempting to manipulate the housing system and; 2) previously claimed to be a member of a prison gang known as Dead Man Incorporated (DMI), the same group which he now alleges is targeting him. Exhibit B, ¶ 2; *See* Exhibit A, ¶¶ 3-5 It bears noting that although Shannon told prison officials that he was assaulted and sustained severe lacerations during a fight with his cell-mate, Derek Medley, on April 21, 2010, Shannon later admitted that his wounds were self-inflicted. *Id*. ¶ 3. Mr. Medley is not a documented gang member and was found not guilty of any wrongdoing. His named was placed on Shannon's enemies list, however, as a precaution. *Id*., ¶ 3.

After a documented altercation between Shannon and fellow inmate Joseph Stokes on February 27, 2011, the inmates were placed on each other's enemies list. *Id*., ¶ 6. Contrary to Shannon's assertions, Mr. Stokes is not a documented member of a prison gang. *Id*. Further, the IIU has recently investigated inmates Derek Bramble and Edward Miller in response to Shannon's allegations. Shannon's claims against Messrs. Bramble and Miller, both of whom are documented gang members, were found unsubstantiated. *Id*. ¶ 7; Exhibit B, ¶ 2. There is no record of an Officer Bart or Bort, whom Plaintiff alleges is being paid by DMI to physically

---

[2] Shannon will be transferred because he has a "documented enemy situation" at WCI. The transfer is not based on Shannon's allegations in the complaint of prison gang death threats. Exhibit 5, ¶ 3.

harm him. Exhibit B, ¶ 4.  Shannon has not informed IIU investigators of any outstanding issues

with any correctional officer. *Id*., ¶ 4.   WCI staff will continue to monitor Shannon's enemy

situation and he will remain separated from his documented enemies. Exhibit A, ¶7.

## II.     STANDARD OF REVIEW

A preliminary injunction is an extraordinary and drastic remedy, s*ee Munaf v. Geren*, 553

U.S. 674, 689-90 (2008), requiring a movant to demonstrate: 1) that he is likely to succeed on the

merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that

the balance of equities tips in his favor; and 4) that an injunction is in the public interest.  *See*

*Winter v. Natural Resources Defense Council, Inc*., 555 U.S. 7, 129 S. Ct. 365, 374 (2008); *The*

*Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir.

2009), vacated on other grounds, 130 S. Ct. 2371 (2010), reinstated in relevant part on remand,

607 F.3d 355 (4th Cir. 2010) (per curiam).

After considering Shannon's claims and counsel's response, the court concludes that

Shannon fails to show that he is likely to suffer irreparable harm without emergency injunctive

relief.  Shannon's claims are under investigation while he is housed in a single cell to ensure his

safety.   In light of Division of Correction policy concerning protective custody placement as a

last resort and concerns for the safety of inmates already on protective status,   Shannon's

immediate placement on protective custody is neither favored by the balance or equities nor

demonstrated to be in the public interest.   Further, efforts are underway to effect Shannon's

transfer to another correctional institution.

## III.     CONCLUSION

Absent demonstration by Shannon that emergency injunctive relief is warranted, the court will deny his request for emergency injunctive relief by separate order and grant him twenty-eight days to state whether he wants to proceed on his claims. Should he intend to continue, Shannon must provide the $350.00 filing fee or move to proceed in forma paperis.  He may also provide supplemental information in support of his claims within this time period.  A separate order follows.


_____April 13, 2011_____                    _____/s/_____
Date                                                                    Ellen L. Hollander
                                                                           United States District Judge